**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**CHARA JOHNSON**                                                          **PLAINTIFF**

**VS.**                                            **CIVIL ACTION NO. 3:14-CV-926-HTW-LRA**

**STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY**                                               **DEFENDANT**

**REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

This cause was removed to federal court on December 2, 2014, after having been filed in the Circuit Court of Hinds County, Mississippi. Plaintiff's attorney requested leave of Court to withdraw from representing Plaintiff because he had been unable to communicate with her either by telephone or mail [34]. The undersigned conducted telephonic hearings with counsel on June 22, 2016, and on July 25, 2016, in order to determine how the case should proceed. Plaintiff's counsel provided the Court with the last address given to him by Ms. Johnson, being 301 Elton Park Drive, Apt. 42, Jackson, MS 39212-8791. Notification of the July 25th hearing was sent to Plaintiff, but it was returned as undeliverable. Counsel represented to the Court that he had tried to contact her but could not. He was allowed to withdraw from this case by Order filed July 25, 2016 [37]. By the same Order, Plaintiff was granted until August 15, 2016, to provide her contact information to the Court and to show cause as to why she had not participated in the scheduled hearing. She was advised that her case may be dismissed without further notice if she failed to respond to the Order by August 15, 2016.

The Order [37] was returned to the Court by the United States Postal Service as undeliverable on August 17, 2016. It may be that Johnson is no longer interested in pursuing her claims, as she did not attend the scheduled hearing and has made no efforts to contact either her former attorney or the Court to provide her current address. Plaintiff filed this case, and it is her responsibility to prosecute her claims and to provide her current contact information to the Clerk.

Plaintiff has failed to abide by the orders of this Court due to her failure to keep the Court advised of her current address, to participate in discovery, to obey the Court's order, and to attend the telephonic hearing.  The Court must be able to contact Plaintiff, and she must be willing to prosecute her case in accordance with the rules of the Court.

Rule 41(b) of the Federal Rules of Civil Procedure provides as follows:

> (b) **Involuntary Dismissal; Effect.**  If the plaintiff *fails to prosecute or to comply with these rules or a court order*, a defendant may move to dismiss the action or any claim against it.  Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule ---- except ... ---- operates as an adjudication on the merits.

(Emphasis added.)

This Court has the authority to dismiss an action for failure of a plaintiff to prosecute or to comply with any order of the Court both under Fed. R. Civ. P. 41(b) and under its inherent authority.  *See McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988)*; Link v. Wabash R.R. Co.*,  370 U.S. 626, 630-631 (1962).  The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the court.  *Link*, *supra*, 370 U.S. at 630.  The actions of Plaintiff also prejudice the rights of Defendant to promptly and fully defend the claims made against it.

The last address given her former attorney and this Court by Johnson is apparently not her current address.  Whether or not a plaintiff is *pro se*, she still has an obligation to inform the Court of any address changes.  "Every attorney and every litigant proceeding without legal counsel has a continuing obligation to notify the clerk of court of address changes."  *See Local Rule* 11(a); *Wade v. Farmers Ins. Group*, No. 01-20805, 2002 WL 1868133, at *1, n. 12 (5th Cir. June 26, 2002) (on appeal from district court's denial of a

motion for reconsideration of dismissal for failure to prosecute- even incarcerated litigants must inform the court of address changes).

A dismissal of a plaintiff's lawsuit for failing to comply with a district court's order is warranted where "[a] clear record of delay or contumacious conduct by plaintiff exists." *Day v. Allstate Ins. Co.,* 788 F.2d 1110 (5th Cir. 2008) (quoting *Anthony v. Marion County General Hospital*, 617 F.2d 1164, 1167 (5th Cir. 1980)).  The record in Plaintiff's case supports such a finding.  Johnson obviously lost interest in pursuing this lawsuit both before and after her counsel withdrew, although she has not informed her attorney or the Court or formally dismissed her complaint.  The sanction of dismissal is necessary in order to officially conclude the litigation against Defendant.

For the above reasons, the undersigned Magistrate Judge recommends that this cause of action be dismissed pursuant to FED. R. CIV. P. 41(b).  Because the merits of her claims have not been considered, the dismissal should be without prejudice.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  28 U.S.C. § 636;  Fed. R. Civ. P. 72(b); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 13th day of September, 2016.


/s/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE

4